1

2

3

4

5

6

7

**FILED**

JAN - 9 2002

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11   ESTATE OF SOLOMON ELI TORRES,
     et al.,
12                                      NO. CIV. S-98-2211 WBS/GGH
              Plaintiffs,
13
         v.                             <u>ORDER</u>
14
                                        <u>RE: Cal Terhune;</u>
15                                      <u>Plaintiffs' Motion to Strike</u>
                                        <u>and Evidentiary Objections</u>
16   CAL A. TERHUNE et al.,

17            Defendants.
                                 ----oo0oo----
18

19        Plaintiffs Estate of Solomon Torres, <u>et al.</u> move to

20   strike the affidavits of Colleen Levangie and Terry Brayer

21   submitted by defendant Cal Terhune in support of his motion for

22   summary judgment.  Plaintiffs also object to Terhune's Statement

23   of Undisputed Material Facts and to exhibits attached to his

24   reply brief.

25   I.   <u>Motion to Strike</u>

26        Terhune has submitted the declarations of Levangie and

27   Brayer to authenticate the California Department of Corrections

28   ("CDC") policies filed in support of his summary judgment motion.

                                    1

                                  538

Plaintiffs move to strike these declarations, contending that the declarants lack personal knowledge and that plaintiffs have not had the opportunity to cross-examine them.

Under Federal Rule of Civil Procedure 56(e) supporting affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). In the declarations, Levangie and Brayer state the nature of their positions at CDC, that they are able to provide factual information based upon personal knowledge of CDC policies and procedures, and that they "declare under penalty of perjury that the foregoing is true and correct [and] of my own personal knowledge." These declarations meet the requirements of Rule 56(e) and are admissible for the purpose of authenticating the policies.

II.  Objections to Statement of Undisputed Material Facts

Plaintiffs object to Terhune's exhibits submitted as part of his "Statement of Undisputed Material Facts." Plaintiffs object to the exhibits, contending that they were filed late, that two were not produced in discovery, that they are not factual issues, and that they violate various evidentiary rules.

These exhibits are CDC policies. They include CDC's use of force policy (Ex. A), CDC's integrated yard policy (Ex. B), CDC's shooting review board policy (Ex. C) and the duty statement for the director of the CDC (Ex. D). Terhune first submitted the certified policies in a Request for Judicial Notice on August 31, 2001, as part of his motion for a judgment on the

pleadings.  This court requested that the motion for judgment on the pleadings be re-designated as a motion for summary judgment and filed no later than October 12, 2001.  Terhune submitted the same exhibits previously attached to the Request for Judicial Notice as part of his Statement of Undisputed Material Facts on October 12, 2001.  On October 15, 2001, he submitted an Amended Statement of Undisputed Facts, with authenticating declarations attached to the policies.

The Federal Rules of Evidence allow courts to take judicial notice of adjudicative facts.  In order to be a fact subject to judicial notice, the proffered fact:

> ... must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b).

Thus, a court may take judicial notice of records and reports of administrative bodies."  Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria Federal Sav. And Loan Ass'n v. Solimino, 501 U.S. 104 (1991).  Pursuant to Rule 201(c), "a court may take judicial notice, whether requested or not."  Fed. R. Evid. 201(c).  Such judicial notice can be taken at any stage in the proceedings.  Fed. R. Evid. 201(f); Papai v. Harbor Tug and Barge Co., 67 F.3d 203, 207 n.5 (9th Cir. 1995), rev'd on other grounds, 520 U.S. 548 (1997).

Each of these exhibits is a record created by an administrative body and thus subject to judicial notice.

1  Furthermore, each exhibit is attached to a declaration of the
2  custodian of the record, attesting to the fact that these are
3  accurate copies of the originals.

4        Exhibits B and D, which plaintiffs contend were not
5  produced in discovery, were first served on plaintiffs on August
6  31, 2001, giving plaintiffs adequate time to evaluate and respond
7  to these exhibits.  The court concludes that plaintiffs have not
8  shown that they have been prejudiced by the inclusion of Exhibits
9  B and D in support of Terhune's motion for summary judgment.

10       Accordingly, the court takes judicial notice of
11  Terhune's exhibits A, B, C, and D.  All other evidentiary
12  objections to these exhibits are overruled.

13  III.  Objections to Terhune's Reply

14       Plaintiffs object to Terhune's brief in reply to their
15  opposition to his motion for summary judgment.  They object on
16  the basis that the reply sets forth new arguments and includes
17  portions of Terhune's deposition attached as exhibits.

18       Plaintiffs do not identify what new arguments are set
19  forth in the reply brief, and the court does not ascertain new
20  arguments that could be construed as a "separate motion for
21  summary judgment."  Furthermore, plaintiffs' counsel cross-
22  examined Terhune during the deposition and included portions of
23  the deposition as exhibits to plaintiffs' opposition.  Plaintiffs
24  have therefore had adequate time to oppose this deposition
25  testimony.

26       Thus, the court concludes that plaintiffs have not
27  shown that they have been prejudiced by the deposition portions
28  attached to Terhune's reply.

4

1          IT IS THEREFORE ORDERED that plaintiffs' motion to
2    strike the summary judgment affidavits of Colleen Levangie and
3    Terry Brayer be, and the same hereby is, DENIED.

4          IT IS FURTHER ORDERED that plaintiffs' remaining
5    objections to the exhibits filed in support of Terhune's motion
6    for summary judgment and reply brief are overruled.

7    DATED: January 9, 2002

8                              WILLIAM B. SHUBB
9                              UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              5

Van Longyear
Longyear O'Dea and Lavra
3620 American River Drive
Suite 230
Sacramento, CA  95864-5923

Bruce Alan Kilday
Angelo Kilday and Kilduff
601 University Avenue
Suite 150
Sacramento, CA  95825

John Andrews Mason
Adams and Mason
PO Box 19937
730 Alhambra Boulevard
Suite 202
Sacramento, CA  95816

Jack L. Wagner, Clerk

BY: _____
Deputy Clerk

United States District Court
for the
Eastern District of California
January 9, 2002


* * CERTIFICATE OF SERVICE * *


2:98-cv-02211


Estate Torres

    v.

Terhune

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  January 9, 2002, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


       Roger E Naghash                SH/WBS
       Law Offices of Roger E Naghash
       One Newport Place
       1301 Dove Street
       Suite 1000
       Newport Beach, CA  92660-2478

       Michael J Williams
       Attorney General's Office of the State of California
       PO Box 944255
       1300 I Street
       Suite 125
       Sacramento, CA  94244-2550

       Gregory Scott Walston
       Attorney General's Office of the State of California
       455 Golden Gate Avenue
       Suite 11000
       San Francisco, CA  94102-3664

       Jesse Manuel Rivera
       Moreno and Rivera
       1451 River Park Drive
       Suite 205
       Sacramento, CA  95815